UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DENNIS CROWDER and SUZANNE CROWDER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:09-cv-251-WTL-WGH |
| FOSTER WHEELER, LLC, DAP, INC., GENERAL ELECTRIC COMPANY, GEORGIA-PACIFIC CORP., HONEYWELL INTERNATIONAL, INC., IMO INDUSTRIES, INC., INGERSOLL-RAND COMPANY, JOHN CRANE, INC., METROPOLITAN LIFE INSURANCE COMPANY, OWENS-ILLINOIS, INC., UNION CARBIDE CORP., VIACOM, GARLOCK SEALING TECHNOLOGIES, LLC, and CBS CORP., | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT, FOSTER WHEELER
LLC'S, MOTION TO STRIKE AND DISMISS
PARAGRAPH 27 OF PLAINTIFFS' COMPLAINT**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendant, Foster Wheeler LLC's, Motion to Strike and Dismiss Paragraph 27 of Plaintiffs' Complaint filed August 13, 2009. (Docket No. 19).

Having reviewed Foster Wheeler's motion and the relevant case law, the Magistrate Judge concludes that the Motion must be **DENIED.**

## Background

1. Plaintiffs filed a Complaint in Marion County Superior Court on April 17, 2009, alleging that Defendants exposed Dennis Crowder to asbestos-containing products. (*See* Complaint).

2. A portion of Plaintiffs' Complaint reads as follows:

> 27. Plaintiffs specifically disclaim any federal cause of action or any claim that would give rise to federal jurisdiction. To the extent that any of Plaintiffs' [sic] asbestos exposure took place on a federal enclave, or to the extent that any of Plaintiff's asbestos exposure occurred on board vessels of the United States military (including Naval ships) or in the construction, maintenance and/or repair of United States military vessels and/or aircraft, Plaintiffs' negligence claims against manufacturers, sellers and suppliers of asbestos-containing products installed on such vessels and/or aircraft are not based on the theory of defective design, but rather are based only on the theory of failure to warn. Since there is no evidence that the United States Government, or any of its military branches, specifically instructed manufacturers from which it purchased asbestos-containing products not to warn about the health hazards associated with exposure to asbestos, there can be no valid claim to federal jurisdiction pursuant to federal enclave, federal officer or federal contractor provisions of the United States Code. This disclaimer pertains to all of plaintiffs' claims, including those of negligence and products liability, as asserted herein.

(Complaint ¶ 27).

3. On August 7, 2009, Foster Wheeler filed a Notice of Removal pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

4. Foster Wheeler then filed a Motion to Strike and Dismiss Paragraph 27 of Plaintiffs' Complaint arguing that Paragraph 27 should be stricken from the Complaint because Plaintiffs are not permitted to waive federal subject matter jurisdiction in this manner and that, pursuant to the federal officer removal

statute, 28 U.S.C. § 1442(a)(1), Defendants have a right to removal from state court.

## Discussion

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are disfavored because they potentially only serve to delay. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir., 1989). In this case, Foster Wheeler argues that Paragraph 27 should be stricken because it has a right to remove this matter to federal court under 28 U.S.C. § 1442(a)(1) and that Plaintiffs cannot "disclaim any federal cause of action" unless there is a complete disclaimer of all claims arising out of events that occurred while Dennis Crowder was employed by the United States Navy. (Motion to Strike and Dismiss Paragraph 27 of Plaintiffs' Complaint at 2). However, Foster Wheeler has failed to address why Rule 12(f) should be applied in order to strike this portion of Plaintiffs' Complaint.

The Magistrate Judge notes that nothing in Paragraph 27 amounts to "redundant, immaterial, impertinent, or scandalous matter." Hence, the only possible rationale for striking Paragraph 27 is that it qualifies as an "insufficient defense." In researching what Rule 12(f) means by an "insufficient defense," the Magistrate Judge has determined that the rule is referring to insufficient

*affirmative* defenses.  See *Murray v. Conseco, Inc.,* 2009 WL 1357235 (S.D.Ind., 2009).  Nothing provided by Foster Wheeler in its motion suggests that Paragraph 27 amounts to an "insufficient defense."  Each of the cases that Foster Wheeler cites concerning improper disclaimer of federal jurisdiction involve responses to a motion to remand and *not* motions to strike.  See *Carroll v. Buffalo Pumps, Inc.,* 2008 WL 4793725 (D.Conn., 2008); *Redman v. A.W. Chesterton Co.,* 2008 WL 4447729 (N.D.Cal., 2008); *Despres v. Ampco-Pittsburgh Corp.,* 577 F.Supp.2d 604 (D.Conn., 2008).  In fact, Foster Wheeler has not pointed to a case in this or any other jurisdiction, and the court has been unable to find such a case, where a portion of a complaint was stricken in this manner.  While Foster Wheeler may be correct that 28 U.S.C. § 1442(a)(1) permits removal in this case and that Plaintiffs' attempt at Paragraph 27 of the Complaint to thwart federal subject matter jurisdiction was improper, a motion to strike was the improper vehicle to resolve this dispute.  If Plaintiffs file a motion to remand, then, and only then, will the court resolve this issue.

### Conclusion

Defendant, Foster Wheeler LLC's, Motion to Strike and Dismiss Paragraph 27 of Plaintiffs' Complaint is **DENIED**.

**SO ORDERED.**

**Dated:**  September 18, 2009

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Knight S. Anderson
HILL FULWIDER MCDOWELL
   FUNK MATTHEWS
knight@hfmfm.com

John Charles Babione II
FROST BROWN TODD LLC
jbabione@fbtlaw.com

Todd Christopher Barnes
GEORGE & SIPES LLP
tb@lgrslaw.com

Michael A. Bergin
FROST BROWN TODD LLC
mbergin@locke.com

Dennis F. Cantrell
CANTRELL, STRENSKI &
   MEHRINGER, LLP
dcantrell@csmlawfirm.com

Kathleen Anne Farinas
GEORGE & SIPES, LLP
kf@lgrslaw.com

Jill Marie Felkins
SEGAL MCCAMBRIDGE
   SINGER & MAHONEY
jfelkins@smsm.com

Linda S. George
GEORGE & SIPES, LLP
lg@lgrslaw.com

Jason Lorne Kennedy
SEGAL MCCAMBRIDGE
   SINGER & MAHONEY, LTD.
jkennedy@smsm.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
dking@woodmaclaw.com

Kevin R. Knight
ICE MILLER LLP
kevin.knight@icemiller.com

Daniel M. Long
FROST BROWN TODD LLC
danlong@fbtlaw.com

Jonathan D. Mattingly
BARNES & THORNBURG LLP
jmatting@btlaw.com

Susan Elizabeth Mehringer
CANTRELL STRENSKI
   & MEHRINGER, LLP
smehringer@csmlawfirm.com

Lindsey A Rodgers
SEGAL MCCAMBRIDGE
   SINGER & MAHONEY, LTD.
lrodgers@smsm.com

W. Russell Sipes
GEORGE & SIPES, LLP
wrsipes@lgrslaw.com

Kristen M. Streepey
KRISTEN M. STREEPEY, ATTORNEY AT LAW
kmstreepey@yahoo.com

Christopher N. Wahl
HILL FULWIDER MCDOWELL
   FUNK & MATTHEWS
chris@hfmfm.com

John D. Waller
WOODEN & MCLAUGHLIN LLP
jwaller@woodmaclaw.com